**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Randy Dean, Sr. | ) | CASE NO: 5:26CV01875 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Portage County Building Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## I. Introduction and Background

*Pro se* plaintiff Randy Dean, Sr. filed this civil rights action under 42 U.S.C. § 1983 against the Portage County Building Department; Portage County Health Department; Portage County Sheriff Department; Rootstown Zoning Department; Mark Tripak, Rootstown Zoning Inspector; Jordan Michael, Rootstown Zoning Associate; Randy Roberts, Portage County Building Inspector; Bruce Zuchowski, Portage County Sheriff; Officer John Doe, Portage County Sheriff Department; Alison Rogalski, Portage County Health Inspector; and David McIntyre, Rootstown Zoning Department. (Doc. No. 1).

Plaintiff's complaint is a stream-of-conscious narrative. Plaintiff states in a conclusory fashion that the Portage County Building Department, the Rootstown Zoning Department, the Portage County Health Department, and the Portage County Police Department "trespassed on my property without a legal warrant or with an illegal search warrant." (*Id.* at 6). He then states the following: Judge Doherty was not supposed to sign "or have anything to do with any of my cases"; she had a sexual relationship with a

young man named Ricky Wayne Early "who was living [at] my house"; all the parties went onto my property "with the intent to tear my house down"; Rootstown Zoning and Portage County received a grant to tear down houses; Plaintiff's house was on the list; Plaintiff explained that he "put $40,000 into the house in rehabbing it…I was in a wheelchair." (*Id.*). Finally, Plaintiff asserts that "this case is stemming from the Portage County Sheriff's Department in their bullying tactics against registered Democrats and people with disabilities." (*Id.* at 7).

For relief, Plaintiff requests assistance "extract[ing] information, search warrants, violations, details for this case" from the defendants, and he asks for a jury trial.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591,

594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). The complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest to satisfy federal notice pleading requirements. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, the complaint, even liberally construed, fails to meet the most basic pleading standard, as the complaint fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is almost completely devoid of any comprehensible factual allegations, it fails coherently to identify how each defendant has harmed Plaintiff, and it does not identify a legal claim Plaintiff intends to pursue. Rather, Plaintiff's complaint includes vague and conclusory assertions from which neither the Court nor the defendants can ascertain who is alleged to have done what, to whom, and when. Plaintiff's pleading, at best, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8, and it must be dismissed on this basis. *Id.*

To the extent Plaintiff is attempting to assert a claim that Defendants trespassed on his property, trespass is a matter of state law, not federal law. And because Plaintiff's complaint does not allege any cognizable federal claim, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may be attempting to assert. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

## IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), DISMISSES Plaintiff's purported federal claims pursuant to 28 U.S.C. §1915(e), and DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED.**

September 17, 2026

*/s/ John R. Adams*______________
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT